The opinion of the Court was delivered by.
Gantt, J.
It is difficult to conceive, when reference is had to the contract entered into by the defendant in this case, how an opinion could be entertained that it was not mutually binding between the parties. It is a contract on the part of the defendant to deliver cotton at a certain time to be paid for at a certain time and price, by the plaintiffs, with a condition annexed in favor of the plaintiffs, whereby they are not to be bound by the terms of it, should they disapprove of the sample of the cotton, which was sent for inspection. The contract is one in presentí, subject to this defeasance alone, on the part of the plaintiffs.
The sample of cotton was approved of, and the defendant had notice within the prescribed period of two days, a fact averred in the declaration, and satisfactorily established in proof.
Is it supposed, that because both parties did not sign this written contract, that therefore it was not obligatory upon the one who did ? The case of Egerton v. Matthews, 6 East, 301, answers the objection. There the action was brought upon the following memorandum in writing: “ We agree to give Mr. Egerton 19d. per pound for thirty bales of Smyrna cotton, customary allowance, cash three per cent, as soon as our certificate is complete.”
(Signed,) “Matthews & TuRnbuld.”
It was there contended, that the contract being altogether executory, and no consideration appearing *on the face of the writing for „ the promise, nor any mutuality in the engagement, it was void <- by the statute of frauds. Lord Ellenborough said, “ this was a memo *498 randum of the bargain, or, at least, so much of it as was sufficient to bind the parties to be charged therewith, whose signatures to it is all that the statute requires.” The first ground for arrest of judgment must fail.
Levy, for the motion. Blanding, contra.
On the second ground in arrest, it is almost unnecessary to say that this contract cannot he considered in the light of a nudum pactum.
Any decree of reciprocity will prevent the agreement from being considered in that light. Here the consideration was expressed, and considered by the defendant as the fall value of the article which he contracted to deliver.
The objections in arrest of judgment being disposed of, the first ground taken for a new trial, and which is bottomed upon a supposed want of validity in the contract to bind the defendant, must fall with them.
In regard to the second ground for a new trial, that the jury found damages for boat and wagon hire, this, at the utmost, is only conjectural. It does not appear by the verdict; and the observations made by the Court to the jury, and the alteration to the verdict thereupon, afford ground to believe that no allowance was made for wagon hire.
They may have allowed, and probably did, damages on account of the demurrage of the boat, and this they had a right to do. Nor are the Court prepared to say, in a case of this kind, where the party goes for general damages, that the jury might not have taken into their consideration disappointment on account of the wagons which had been sent for the cotton.
The observations of the presiding judge grew out of the impulse of the moment, and were introduced ex majori cautela.
The evidence disproves the correctness of the third ground taken, as it *2111 was beyond doubt express *and satisfactory, that defendant had J notice that the sample was approved of by Douglass within the two days.
The defendant, therefore can take nothing by his motion, and this is the opinion of the Court,
ColcocK, Johnson and Richaedson, JJ., concurred.